# Wilson *v.* Louisville & Nashville Railroad Company.

*Action by Employee against Railroad Company, for Damages on account of Personal Injuries.*

1. *Negligence, as question of law or fact.*—As a general rule, negligence is a mixed question of law and fact, and it should never be decided by the court, as matter of law, unless the facts are undisputed, or conclusively established, and the inferences indisputable; or, unless the rule of duty is clearly defined, and is invariable, without regard to the particular circumstances; or, unless the court could properly sustain a demurrer to the evidence.

2. *Duty of railroad company to employees, in matter of machinery and appliances used.*—Under statutory provisions, as at common law, a railroad company is required to use ordinary care and diligence to provide safe and suitable machinery. instrumentalities and appliances, for the use of its employees in their business, and to keep the same in good repair and free from dangerous defects, so as not to expose them to unnecessary peril—that is, to exercise such care and diligence as men of ordinary prudence would exercise under like circumstances; but it is not bound to adopt every new invention, though deemed by skillful and experienced persons to be less dangerous.

3. *Same; case at bar.*—The plaintiff claiming damages for personal injuries sustained by him while acting as brakeman on the defendant's road, by being struck by the supply pipe at a water-tank, which was near the road; negligence in this regard could not be imputed to the defendant, "if the apparatus used to supply the engine with water was constructed in the same manner, and no nearer to passing trains, than those constructed and in ordinary use on other roads well and prudently conducted."

4. *Contributory negligence.*—Under statutory provisions, as at common law, contributory negligence is a defense to such action; and contributory negligence is established, as matter of law, when it is shown that the plaintiff had been in the employment of the railroad company, as brakeman, for two or three months, was acquainted with the location and surroundings of the water-tank, and, when struck by the pipe, was descending from the top of the caboose for a private purpose. without his lantern. having first started to descend on the other side, where some person sitting obstructed his descent.

APPEAL from the Circuit Court of Elmore.
Tried before the Hon. JOHN MOORE.

BRICKELL, SEMPLE & GUNTER, for appellant.—The charge of the court decided, as matter of law, that the injury to the plaintiff was not caused by any "defect in the ways, works, machinery or plant" of the defendant's road; or, if any such defect existed, that the defendant was not chargeable with

knowledge or notice thereof; or, that the plaintiff was guilty of contributory negligence. As to each of these facts, the appellant contends that the charge is opposed to the evidence; that the defendant is liable on common-law principles, and clearly under statutory provisions; and that the questions of defective structure, knowledge or notice, and contributory negligence, should have been submitted to the jury. The water-pipe was placed in dangerous proximity to the track; it was erected by the defendant's servants or agents, and had remained there long enough to charge all the officers with knowledge of its existence and position. The plaintiff had been on the road but a short time; he passed the water-pipe but twice or three times each week, and in the night on some of these occasions. His attention was never called to the water-pipe, as it was to the bridges; his duties as brakeman did not charge him with notice of the position of the pipe, and there was evidence tending to show that he had not observed it. As to the defendant's common-law liability under the facts in evidence, see *L. & N. Railroad Co. v. Allen*, 78 Ala. 501; *M. & O. Railroad Co. v. Thomas*, 42 Ala. 672; *Smoot v. M. & M. Railroad Co.*, 67 Ala. 18; *Eureka Co. v. Bass*, 81 Ala. 200; 112 U. S. 383; *Noyes v. Smith*, 65 Amer. Dec. 222; Whart. Negligence, § 210; *Perry v. Marsh*, 25 Ala. 667; *Gilman v. Eastern Railroad Co.*, 13 Allen, 442; *Ford v F. Railroad Co.*, 110 Mass. 241; *Hough v. Railroad Co.*, 100 U. S. 219; 7 H. & N. 937; *Ill. Central Railroad Co.*, 4 Amer. Rep. 595, or 52 Ill. 183; *C. & N. W. Railroad Co. v. Swett*, 45 Ill. 201; *C. & I. Railroad Co. v. Russell*, 91 Ill. 298, or 33 Amer. Rep. 54; *Lewis v. St. L. Railroad Co.*, 59 Mo. 495, or 21 Amer. Rep. 385; *Fike v. B. & A. Railroad Co.*, 13 Amer. Rep. 545; *L. & N. Railroad Co. v. Collins*, 2 Duval, 114. The statute comes in aid and extension of these principles, and removes all doubt of the defendant's liability, since there can be no dispute as to the erection of the water-pipe in dangerous proximity to the track, and the defendant's knowledge of the defect; and though the statute may not take away entirely the defense of contributory negligence, the plaintiff's knowledge of the defect or danger, or his presumptive knowledge because he ought to have known it, is no defense. The statute is a substantial copy of the English statute, to be found in Jac. & Fisher's Digest, vol. 10, p. 16, 298. Its purpose is two-fold: 1st, to render the employer liable to the person employed, as he would be to any other person; 2d, to

[Wilson v. Louisville & Nashville R. R. Co.]

make him liable for injuries resulting from known dangers, defects and negligence.— *Weblin v. Ballard*, Law Rep., vol. 17, Q. B. Div., 124; *Cripps v. Judge*, 13 *Ib*. 583; Beach on Contrib. Negligence, §§ 143 *et seq.*; 2 Macqueen's H. L. Cases, 30; *Patterson v. Wallace*, 1 *Ib*. 748; *Weems v. Mathieson*, 4 *Ib*. 215.

THOS. G. JONES, *contra*.

CLOPTON, J —Plaintiff sued to recover damages for injuries suffered, while engaged in the service of defendant as a brakeman on a freight train, from having been struck by the supply-pipe of a water-tank, while he was descending from the top of a caboose, by means of an iron ladder attached to the side thereof. The *gravamen* of the action is, that the defendant knowingly and negligently constructed the water-tank so as not to leave sufficient room between the pipe and the train for the body of a person to pass, which rendered it dangerous to employees in the discharge of duty, while trains were passing. The injury of the plaintiff, and the circumstances under which it occurred, are not controverted. The case was tried on the issues of negligence on the part of defendant in the construction of the tank, and of contributory negligence on the part of plaintiff. The court gave the affirmative charge in favor of the defendant, and this is assigned as error.

Generally, negligence is a mixed question of law and fact; and it is for the consideration of the jury, when the evidence is conflicting, or only tends to prove the facts, or if different minds may reasonably draw different inferences, though the facts are uncontroverted. The court should not take the question from the jury, unless the facts are undisputed, or conclusively proved, and the inferences undisputable; or, unless the rule of duty is clearly defined, and is invariable, whatever may be the circumstances; or, unless the court could properly sustain a demurrer to the evidence.—*Ala. Gr. So. R. R. Co. v. Jones*, 71 Ala. 487; *E. T., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150.

The liability of defendant to answer in damages to the plaintiff, "when the injury is caused by reason of any defect in the ways, works, machinery or plant, connected with, or used in the business of the master or employer," as provided by the first sub-division of section 2590 of Code of 1886, is qualified by the subsequent sub-division: "Nor is

the master or employer liable under sub-division one, unless the defect therein mentioned arose from, or had not been discovered or remedied owing to the negligence of the master or employer, or some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant, were in proper condition." Under the statute, negligence in causing, or failing to discover or remedy a defect, is essential to liability. It does not undertake to define what shall constitute a defect, or negligence in regard to the condition of the ways, works, machinery or plant. To determine these matters, reference must be made to the principles of the common law. Therefore, whether the plaintiff's right to recovery is based on the statutory or common-law liability of an employer, the measure of defendant's duty to plaintiff is essentially the same.

We have heretofore considered, in several cases, the duty which railroad companies owe to their employees. A statement of the rules, as settled, will answer the purposes of this case. Unquestionably, the law devolves the duty to use ordinary care and diligence, to furnish safe and suitable instrumentalities and appliances for the use of the employees in their business, and to keep the ways, works, machinery and plant, free from defects which are dangerous, so as not to expose their employees to unnecessary perils—such care and diligence as men of ordinary prudence would exercise under like circumstances. But the company does not owe to employees the duty to adopt every new invention, though it may be deemed less dangerous by some persons, who are regarded as skillful and experienced. The rule as declared is: "A railroad company's duty to employees does not require it to adopt every new invention or appliance useful in its business, although it may serve to diminish risks to life, limb or property, incident to its service. It is sufficient fulfillment of duty to adopt such as are in ordinary use by prudently conducted roads, engaged in like business, and surrounded by like circumstances."—*L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *Ga. Pac. Ry. Co. v. Propst*, 83 Ala. 518. If the apparatus used to supply the engine with water was constructed in the same manner, and no nearer to passing trains than those constructed and ordinarily in use on other well and prudently conducted roads, negligence, founded on the manner of construction, can not be imputed to defendant. Had the bill of exceptions shown that these facts were conclusively

proved, the charge of the court would have been free from error, on the ground that the defendant was not guilty of negligence; but, on its statement that such was the tendency of the evidence, inferences had to be drawn, which should have been left to the jury.

In *Mobile & Birmingham Ry. Co. v. Holborn*, 84 Ala. 733, where we construed section 2390 of the Code of 1886, we held that the section takes from the employer the special defenses growing out of the relation of employer and employee, but left him the defense of contributory negligence. The next question then is, should the court have declared, as a conclusion of law from the evidence, that there was contributory negligence on the part of the plaintiff. Previous to his employment, and with a view of being employed, the plaintiff had gone over the road twice, on a pass furnished by defendant. He had been acting as brakeman over two and a half months, passing over the road two or three times a week; and the train on which he was brakeman had occasionally stopped at the water-tank where the injury occurred. From these facts the inference is irresistible, that the plaintiff knew, or ought to have known, the location of the tank, and the dangerous proximity of the supply-pipe to a passing train. But the mere knowledge by plaintiff of the danger is not, of itself, a defense, but is a circumstance to be considered on the question of negligence. Whether or not he was guilty of negligence, depends on the use which he made of such knowledge. If the plaintiff were going from his regular position on top of the train, to discharge some duty required by the nature of his employment, a different question would be presented; but, as appears from the evidence, he was going down to enter the caboose for his individual purpose. The proper inquiries arising on the circumstances of the case are, did the plaintiff use ordinary care, such as men of ordinary prudence like situated would exercise, in attempting to descend the ladder attached to the caboose, while the train was in motion, and when he might have reasonably expected danger, without first observing the position of the train, and the probable distance from the tank; and did he use such care, when he voluntarily abandoned, after having started, the descent by the ladder attached to the opposite side of the caboose, and attempted to go down on the side exposed to the danger.

A short time before the accident occurred, the train had stopped at a tank to take water. When it moved forward,

18

[Wollner & Lowenstein v. Lehman, Durr & Co.]

the plaintiff, who was on the ground discharging duties required of brakemen, ascended to the top of the train; and on his way to his post met another brakeman, with whom he had a brief conversation, and then went back to the caboose for the purpose of going down to eat a lunch. He set down his lamp, and started to descend on the side opposite the tank; but, seeing some one sitting in the door, returned, and was descending on the other side, when he was struck by the supply-pipe. This was about three o'clock in the morning. The conduct of the plaintiff showed consciousness of the side of the caboose on which he could go down without exposure to special danger. Without attempting to enter the caboose, he went back to the top, and then descended on the other side. Though he must have known that the tank was not exceeding two miles from the place where the train last stopped, he proceeded to go down without a light, and either did not look for the tank, or did not think of its location. In either event, under the circumstances, he not only failed to observe ordinary care, but his conduct verges on gross carelessness. The indisputable inferences from the undisputed facts are, that the foregoing inquiries must be answered in the negative, and that plaintiff's negligence proximately contributed to his injury.

The location of the tank, and the nearness of the pipe to a passing train, were obvious. The plaintiff had ample opportunity of knowing the danger, which only required usual and ordinary observation. Under these circumstances, it was not the duty of the defendant to give him express warning that it would be ·dangerous to attempt to descend from the top of the train, when it was passing the tank.—*Baylor v. Del., Lack. & W. R. R. Co.*, 40 N. J. L. 23.

Affirmed.