# Mayor & Aldermen of Birmingham v. Tayloe.

*Action against Municipal Corporation for Damages on Account of Personal Injuries caused by Obstruction of Sidewalk.*

1. *Municipal corporations; duties as to streets and sidewalks.*—It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition for travel, and for use by its citizens and the public generally ; and this duty extends to the entire width of the streets and sidewalks, appropriated to such use and purposes.

2. *Same; negligence in leaving a tool-box on sidewalk.*—When, in an action against a municipal corporation to recover damages for personal injuries caused by obstruction on one of its sidewalks, the evidence showed that a large tool-box 7 feet long, 2½ feet wide and 2 or 3 feet high was allowed to remain a day on the sidewalk of a street much frequented and in one of the most public places in the city, and that it was the duty of the patrolmen of the city to keep its streets and sidewalks in a reasonably safe condition, the defendant is chargeable with knowledge of such obstruction of the · sidewalk, and is culpably negligent in allowing it to remain without suitable notice or safeguards, so as to warn the public of its dangers.

3. *Same; liability for personal injuries caused by obstruction of sidewalk.*—A municipal corporation is liable in damages to a person, who, while walking after dark along one of its sidewalks at a much frequented place, collided with the handles of a large tool-box, which had been left on the sidewalk, and received personal injuries by a fall resulting from such collision, there being no warning or safeguard to notify him of the obstruction ; and the fact that there was sufficient space between the box and the opposite limit of the sidewalk to allow safe travel does not relieve the city from liability, if the person injured was not guilty of contributory negligence.

4. *Same; same; duty as to obstructions.*—If, in the performance of the work of repairs or improvements of the sidewalks of a city, it is necessary to obstruct the sidewalks, the municipal authorities are bound to protect the travelling public by suitable notice of, and proper safeguards against, such obstructions ; and if the obstruction is caused unnecessarily and wrongfully by an independent contractor, as being "merely collateral" to the work of improvement contracted to be done by him, and the city has knowledge of such obstruction, it is the bounden duty of the city to either remove the obstacle, or to see that the public are properly notified and guarded against its dan-

[Mayor and Aldermen of Birmingham v. Tayloe.]

ger; and for a failure to observe this duty the municipal corporation is liable for injuries resulting therefrom, or if the municipal officers are culpably negligent in not knowing of the existence of such obstruction, the city is liable for injuries caused by the presence of such obstruction on the sidewalk.

5. *Same; same; contributory negligence.*—A person travelling upon the sidewalks of a municipal corporation has the right to assume that they are in a proper condition for public travel and is under no duty to be on the lookout for obstruction; and, in the absence of facts or circumstances calculated to arouse the vigilance of a man of ordinary care and prudence, such person is not heedless and inattentive, and, therefore, guilty of contributory negligence in not discovering an obstruction placed upon the sidewalk, and thereby avoiding injury.

6. *Action against municipal corporation for obstructing sidewalk;. evidence of others passing obstruction inadmissible.*—In an action against a municipal corporation to recover damages for personal injuries received from a collision with an obstruction on a sidewalk, evidence that other persons safely passed by the obstruction, on the same day the injury complained of was inflicted, is not admissible as a fact tending to show that plaintiff knew of the presence of the obstruction, or failed to exercise ordinary care to avoid injury; the facts thus sought to be proved being entirely collateral to the issue before the jury, and constituting no defense to the action.

7. *Same; want of correspondence in allegation and proof.*—Where, in an action against a municipal corporation to recover damages for personal injuries resulting from an obstruction on a sidewalk, one of the counts of the complaint alleges that "the defendant did knowingly and willfully and negligently put and allow to be put and placed upon said sidewalk" the obstruction complained of, and the evidence introduced only tended to show culpable negligence in defendant in failing to put up notice and safeguards about the obstruction, and in not removing the obstacle, there is a fatal variance between the *allegata* and *probata*, and the general affirmative charge should be given for defendant under said count.

8. *City ordinance; how proved.*—Where it is shown that all the ordinances of a city have been codified in one book, which is authentically published as the Code of said city, any of the ordinances of the city contained therein can be proven by the introduction in evidence of the ordinance as printed in the said Code, notwithstanding the charter of said city provides a different method of proving its ordinances.

APPEAL from the City Court of Jefferson.

Tried before the Hon. H. A. SHARPE.

This was an action on the case, brought by the appellee, J. W. Tayloe, against the Mayor and Aldermen of Birmingham, to recover damages for personal injuries, alleged to have been inflicted upon the plaintiff, by

[Mayor and Aldermen of Birmingham v. Tayloe.]

reason of the negligence of the defendant in allowing the sidewalk of one of its streets to be obstructed. The principal facts of the case are sufficiently stated in the opinion. As to the introduction of the ordinance enacted by the Mayor and Aldermen of Birmingham, the bill of exceptions states as follows : "A. O. Lane, who was one of defendant's attorneys assisting in the trial of this case, being sworn for the plaintiff, testified as follows : Q. Do you know what this book is (meaning the printed Code of ordinances then shown) ? A. Yes, sir. Q. Does it contain the ordinances of the city with reference to the duties of patrolmen? The defendant objected to this· question because it was not the best way to prove it, which objection the court overruled and defendant duly excepted. A. These are not the original ordinances passed. Q. I asked you if that book contained the ordinances with reference to the duties of patrolmen? A. It contains copies of them—I think it does—I have not compared them. Q. Is not this used by the city as the Code of ordinances? The defendant objected to this last question because it was incompetent and irrelevant, and was not the best evidence of what the ordinances were, which objection the court overruled and the defendant duly excepted. The witness then answered : Yes, sir ; that is used by the city. The plaintiff here finished his examination of this witness, A. O. Lane, and he was not cross-examined and left the stand, without objection on the part of the defendant and without any offer at that time on the part of defendant to cross-examine him. On the back of the Code the following title appeared in print : 'City Code———Birmingham, Ala., 1890.' On the fly leaf thereof the following appeared in print : 'The Code of Birmingham, Ala., adopted Feb'y. 19th, 1890. Laws of the corporation in force at that date including the charter, the amendments thereto and other acts of the General Assembly pertaining to the city. Prepared by Samuel D. Weakley, City Attorney, and published by authority of the Mayor and Aldermen of Birmingham, Alabama.' Next before the first chapter the following was printed : 'Council Chamber, February 19, 1890. At a regular meeting of the Mayor and Aldermen of Birmingham, Alabama, held February 19, 1890, the following entitled "An ordinance to adopt the Code of

Birmingham,'' was unanimously adopted : Be it ordained by the Mayor and Aldermen of Birmingham, that the codification of the ordinances of this city, prepared by S. D. Weakley, City Attorney, and entitled, ''The Code of Birmingham,'' be and the same is hereby adopted as a whole ; and the ordinances therein contained, from section 1 to section 629, both inclusive, shall be of full force and effect from and after this date as the laws of the city of Birmingham, Alabama.' The plaintiff then offered in evidence section 140 of the City Code to which the defendant objected as being irrelevant and incompetent, and not the best evidence, which objection the court overruled, and the defendant duly excepted.'' There were other ordinances of the city introduced in evidence against the objection and exception of the defendant, which objections were based upon similar grounds.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the following written charges to the jury : (1.) ''A person walking along a public highway in a municipal corporation, and having no knowledge of obstructions therein has a right to walk with a faith, justified by law, that the corporation has performed its duty to the public to keep its streets and sidewalks in a reasonably safe condition for travellers.'' (2.) ''If the jury believe from the evidence that it was negligence to leave the box with its projecting handles on the sidewalk in the manner the testimony shows it was, and the defendant had notice of it, or any right to have notice, the plaintiff would be entitled to recover, although the box was left there by the contractor, if they believe that the plaintiff was himself exercising ordinary care.'' (3.) ''The jury are charged that the degree of diligence required of a municipal corporation in keeping its streets in repair, depends in a manner upon the locality, and that if they believe from the evidence that the box complained of was in one of the most frequented parts of Birmingham, Alabama, the defendant would be required to exercise more diligence at such place than in a less frequented part of said city.'' (4.) ''I charge, you gentlemen of the jury, that actual notice of a negligent obstruction, is not necessary; it is sufficient to charge the municipality with notice, if the officers, charged with the duty of seeing

the streets and sidewalks are in a reasonably safe condition, had means of knowing of such obstruction, and was negligently ignorant of the same." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following written charges requested by it: (1.) "I charge you, gentlemen of the jury, that while it is the duty of the defendant to keep the sidewalks of the city in a reasonably safe condition for public travel, still defendant had the right to pave the sidewalk on the north side of 4th Avenue, between 19th and 20th Streets, and it was required of the city's contractor to use ordinary care in the construction of the pavement; and the plaintiff was equally bound to exercise ordinary care in walking along the sidewalk. And if the jury believe from the evidence that if the plaintiff had been looking where he was walking, as a reasonably prudent man would, he would have avoided the accident, the jury must find for the defendant." (2.) "If the jury believe from the evidence that the barricade was sufficient to put the plaintiff on notice as to the condition of the streets in the immediate locality where the accident is alleged to have taken place, and that the plaintiff from inattention, or carelessness or negligence failed to take the necessary precaution to avoid the injury, this is negligence and the plaintiff should not recover." (6.) "The evidence in this case does not show that the defendant had any notice of the defect in the street complained of before the accident occurred." (7.) "The court charges the jury, that if they believe the evidence, they will find for the defendant under the second count of the complaint." (8.) "Even where there is danger and the same is known, or would be known to a person using ordinary care, if he encounters such danger heedlessly, negligently or unnecessarily, he can not be regarded as exercising ordinary prudence, and therefore does so at his own risk and is guilty of contributory negligence and can not recover." (9.) "I charge you, gentlemen of the jury, that it was not the duty of the city to keep all parts of the sidewalk in condition for public travel, and if the jury believe that the travelled path of the sidewalk was ample and sufficient for plaintiff to pass along the same, and that by the use of ordinary care he would not have fallen over the box or tool-

chest, then the plaintiff can not recover, and your verdict must be for the defendant."

There were verdict and judgment for the plaintiff, assesing his damages at $500. The defendant appeals, and assigns as error the court's ruling upon the evidence, and in giving the charges requested by the plaintiff, and in refusing to give the charges asked by the defendant, to each of which rulings the defendant separately excepted.

LANE & WHITE, for appellant.—1. Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful act of the contractor or his workmen, the rule is that the employer is not liable.—*Mayor & Ald. of Birmingham v. McCary*, 84 Ala. 476 ; *Robbins v. Chicago*, 4 Wall. 679 ; *Wilson v. Wheeling*, 42 Amer. Rep. 780.

2. The first charge asked for the plaintiff was objectionable from several standpoints. It was argumentative ; it was abstract. The plaintiff himself had testified that barrels had been placed along the sidewalk over the new sidewalk and that he had to walk around them. This was direct and positive notice to him and it was gross negligence in him not to look where he was walking.—*Johnson v. Armstrong*, 97 Ala. 731 ; *Robinson v. Allison*, 97 Ala. 596.

3. The second charge asked by the plaintiff was faulty in that it predicated the liability of the defendant on the fact that it had any right to have notice. The city was not primarily liable for the negligence of the contractor, the work being done not being intrinsically dangerous, and the obstruction that caused the injury being merely collateral to the work. Actual or constructive notice was necessary and not simply the right to have notice.—Dillon's Munic. Corporation, (3d Ed.), §§ 1029, 1030.

4. The defendant was entitled to the general affirmative charge on the second count, as was the instruction contained in the seventh charge, since there was no proof to sustain the allegation of said count.—*K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240 ; *Bruce v. Bruce*, 95 Ala. 563.

CHAS. P. JONES and R. L. THORNTON, *contra*.

COLEMAN, J.—The appellee, Tayloe, sued the appellant to recover damages resulting from an obstruction placed and left on the sidewalk of 19th Street, near its intersection with 4th Avenue. The evidence tends to show that as plaintiff was on his way home, about dark or a little after, he collided with the handles of a large box or tool-chest projecting from the box or chest, which caused him to fall on the sidewalk and resulted in the fracture of his arm. The defendant pleaded the general issue, and contributory negligence. The trial resulted in a verdict for the plaintiff. Various exceptions were taken to the rulings of the court upon the admission and exclusion of evidence, and to the instructions to the jury given and refused.

It was the duty of the municipal corporation of Birmingham, to keep the streets and sidewalks in a reasonably safe condition for travel, and for use by its citizens and the public generally ; and this duty extends to the entire width of the streets and sidewalks appropriated to such use and purposes.—*City Council of Montgomery v. Wright*, 72 Ala. 411 ; *Bradford v. Anniston*, 92 Ala. 349 ; *Mayor & Aldermen of Birmingham v. Lewis, Ib.* 352 ; *Hubbard v. Concord*, 35 N. H. 52, (69 Amer. Dec. 520). It is not denied that the box or chest with projecting handles, as described in the complaint, was upon the sidewalk, on the side next to the street; that the box was about seven feet long, two and a half feet wide, and between two and three feet in height, with handles extending out about one foot; nor is it seriously contended that plaintiff, in walking along the sidewalk, collided with the box or its handles and fell and was injured. The evidence shows that the place where this box was left was at or near one of the most frequented and public thoroughfares and places in the city, being just diagonally across 19th street and 4th Avenue from the building in which the city offices were held and kept, and where the City Council and Mayor and Aldermen met, and in which building was the city market. There is some evidence tending to show that the box had been left there for several days, while that for the defense tended to show that it had been there only during the day at the close of which the accident happened, and was removed on the following morning. Considering the publicity of the place, the duty of patrolmen and of

the street commissioner, which were proven; and the admitted length of time the box was permitted to remain at the place, its size and character, we would declare, as matter of law, that the defendant had knowledge of the fact, or was chargeable with culpable negligence in not knowing, that the box had been placed and left for so long a time on the sidewalk. The fact that there was room between the box and the opposite limit of the sidewalk to admit of safe travel by one using the part of the sidewalk thus left open, does not *per se* excuse the obstruction of another part of the sidewalk which was equally as much used by the public for travel, and which it was entitled to use; nor is it competent to show as a defense that other persons, travelled by the obstruction with safety. This would be a fact merely collateral to the issue. *Hubbard v. Concord*, 35 N. H. 52, *supra*. As a further defense under the general issue, the defendant attempted to show, that the box was put there unnecessarily and wrongfully, and without the authority of the defendant, by one Connell, an independent contractor who was engaged in repairing the sidewalks, and that putting the box on the sidewalk was ''merely collateral to the work contracted to be done.'' In support of this proposition we are cited to Dillon on Municipal Corporations, §§ 792, 793, and *Wilson v. The City of Wheeling*, 42 Amer. Rep. 780. The general principle is thus stated in these authorities, but in our opinion the rule has no application to the case at bar. If in the performance of the work of repairs or improvement on the sidewalk, it was necessary to obstruct the sidewalk, the city was bound to protect the public and travel by suitable notice and safeguards. On the other hand, if the obstruction was unnecessary and wrongful, and ''merely collateral,'' and the city had knowledge of the obstruction, it was equally its bounden duty to remove the obstacle, or at least to see that the public and travel were properly notified and guarded against its danger.

It was further contended, under the plea of contributory negligence, that the plaintiff was heedless and inattentive, and failed to exercise the ordinary care, required of all persons at all times for their own safety. Of course, if the plaintiff saw the obstruction, or had notice of its presence, or knowledge of such facts as were calculated to put a man of ordinary and reasonable capacity on the

12

look-out, or inquiry, and under these circumstances failed to exercise ordinary care, he would have been guilty of contributory negligence;. but the doctrine of "heedlessness" and "inattention," as generally understood, or neglect to use reasonable care, does not arise when a person has the legal right to assume that he may proceed with safety, and no fact or circumstance is brought to his notice calculated to excite attention or care. A person travelling upon the sidewalks of a municipal corporation in the day time, is not required to be on the look-out for obstructions, nor is he required to feel his way at night. He may assume they are in a proper condition for public travel. Much less can a person, accustomed daily to pass over a sidewalk, be chargeable with heedlessness or culpable negligence in not discovering an obstruction placed upon the sidewalk in the interim of his travel.

The defendant introduced evidence that there were barrels with planks on top of them and lighted lamps on the plank placed in such a position as to give notice of the obstruction, and to serve as a guard against its danger. There seems to have been a diagram before the jury, and witnesses were examined with reference to the diagram. The record states in some instances that the witness being examined pointed to a certain place on the diagram and testified as to some fact with reference to the designated point on the diagram. The diagram is not in the record, and it is in no manner described. We can not determine from the record with entire satisfaction the weight to be given to facts thus testified to. Our conclusion is that the barrels and lamps were not placed, for the purpose of protection against the box or to give notice of its presence. Connell, the contractor, seems to have been at work on the sidewalk on the north side of 4th Avenue, beginning at 19th Street and running east. Nineteenth Street runs northerly, and the box was on 19th Street, north of the sidewalk of 4th Avenue. These barrels, as we understand the evidence, were all on the sidewalk on 4th Avenue and placed there to prevent persons from stepping on the new work being done on the sidewalk of 4th Avenue. Persons coming south on the sidewalk of 19th Street would either collide with the box or pass by it before reaching the barrels. So a person going north on the east sidewalk of 19th Street, as the

plaintiff was travelling, would encounter the barrel on the sidewalk at 4th Avenue. These barrels necessitated his turning to the left, so as to pass around them. As soon as the end of the row of barrels was reached, it was natural to turn again to the right so as to regain the sidewalk. The barrels did not extend up 19th Street towards the box. There was no protection or guard as to the box. There was no light on the box. There was nothing calculated to excite attention or inquiry as to any obstruction after passing the barrels.

As we understand the evidence, the only question of disputed fact, as to the liability of the defendant, was whether the plaintiff saw or knew of the presence of the projecting handles, or had notice of facts, calculated to excite attention, and did they cause him to stumble and fall, and fracture his arm. On all other questions as to the liability (not extent of damage) of the defendant, the court might well have given for plaintiff the general charge ; for the fact that other persons may have passed the box that evening or night, could not be proven or considered as a fact tending to show that plaintiff knew of the presence of the obstruction, or failed to exercise ordinary care. We have no proper means of knowing what notice such other persons had, or what care they used. Such facts are entirely collateral to the issue before the jury. There was no error in the charges refused to the defendant when referred to the evidence and considered on their own merits on these questions.

The city ordinances were proven strictly in accordance with the rule declared in *Barnes v. Alexander City*, 89 Ala. 602, and the fact that the charter prescribes that they may be proven in another way, does not affect the rule.—Acts of 1890–91, p. 127.

We feel bound to reverse the case on the doctrine that the *allegata* and *probata* must correspond to entitle a plaintiff to recover. The second count avers, that "the defendant did knowingly, wrongfully and willfully and negligently put and allow to be put and placed upon said sidewalk  *  *  *  *  one large box or tool chest with projecting handles," &c. There is evidence tending to show culpable negligence on the part of the defendant in failing to put up notice or guards around the obstruction, as well as negligence in not removing it or having it removed, as averred, but we have found no evidence tend-

[First National Bank v. Nelson.]

ing to sustain the charge that "the defendant put" and allowed the box to be put and placed on the sidewalk. If the complaint had been framed in accordance with the evidence, we would feel constrained to affirm the case, but as framed, under the evidence, the court should have instructed the jury at the written request of the defendant, to find the issue for the defendant under the second count. The complaint is amendable in respect to the variance stated. The appellee has filed no brief in the case, and we do not know upon what part of the evidence he relied to sustain the averment in the second count to which we have adverted.

Reversed and remanded.