[Tuscaloosa Water Works Co. v. Herren.]

# Tuscaloosa Water Works Co. *v.* Herren.

*Action by Employee against Employer to recover Damages for Personal Injuries.*

1. *Employer and employee; when negligence of plaintiff prevents a recovery.*—In an action by an employee against an employer to recover damages for personal injuries, it .was shown that plaintiff at the time of sustaining· the injury was employed by defendant to attend to and operate machinery situated in two different rooms. One of the rooms was below the other, and was connected by a stairway. The superintendent of defendant's plant, in directing the making of repairs in the lower room, caused a scaffold to be built which was supported in part by a scantling or piece of timber with one end resting on a step of the stairs, which was used to go from one room to the other. This scantling of lumber had laid in that position for ten days, of which the plaintiff had knowledge, he having passed by and down the stairway many times each of these days attending to his duties. On the day of the accident, he had just gone .over the stairs, and on returning to the lower room, he caught his foot in the lumber and fell, sustaining the injuries complained of. *Held*: That under such facts the plaintiff's own negligence proximately contributed to his injury, and, therefore, ne was not entitled to recover.

2. *Action for negligence; when negligence a question for the jury.* Where facts bearing on negligence are undisputed, and are not susceptible of adverse inference, the question of negligence *vel non*, whether relating to the conduct of the plaintiff or the defendant, is properly one for the court.

APPEAL from the County Court of Tuscaloosa.
Tried before the Hon. JAMES J. MAYFIELD.

This was an action brought by the appellee, L. L. Herren, against the Tuscaloosa Water Works Company, to recover damages for personal injuries, alleged to have been sustained by the plaintiff while in the employment of the defendant, and which were alleged to have been caused by the negligence of the defendant. The facts of the case necessary to an understanding of the decis-

6

ion on the present appeal are sufficiently stated in the opinion.

Among the many charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, was the following: "If the jury believe the evidence in this case, they will return a verdict for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $12,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FITTS & FITTS, for appellant.—The law does not require that the employer become the insurer of the employee's safety, nor does it require that he supply an absolutely safe place in which the employee is to work. The measure of duty is that he exercise ordinary care for the employee's safety, and that the place provided should be reasonably safe for the employee to work in, in the exercise of ordinary care upon the part of the latter.—*Holland v. T. C. I. & R. R. Co.*, 91 Ala. 444, 450; *R. R. v. Allen*, 78 Ala. 494; *R. R. v. Boland*, 96 Ala. 626. The vast majority of industrial employments involve danger to people engaged in them. And it is recognized by the law, and common sense alike, that a master does his full duty when he places his servant in a place where the servant in the exercise of the care and prudence of an ordinary person, similarly circumstanced can escape injury.—*R. R. v. Stutts*, 105 Ala. 368.

The defendant was entitled to the general affirmative charge in its favor, because the evidence shows the plaintiff guilty of negligence proximately contributing to his own injury.—*L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *R. R. Co. v. Schlaff*, 100 Ala. 377; *R. R. Co. v. Banks*, 104 Ala. 508; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *R. R. Co. v. Burton*, 97 Ala. 256; *R. R. Co. v. Walters*, 91 Ala. 443; *Wood v. R. R. Co.*, 100 Ala. 660.

HENRY A. JONES and ROBISON BROWN, *contra.*—Simply because an employee knows his work to be *dangerous* is no reason why he should quit it, unless it is *so* dangerous that no prudent man would continue it. Plaintiff

may have known the scantling on the steps was danger-
ous, yet if he could, with reasonable care, pass it, he was
not compelled to quit his work. In fact, it does not oc-
cur to our mind that the end of the scantling resting
upon a step where there is room left to walk, would
necessarily be obviously dangerous. As a matter of
fact, we now know that this one was dangerous, and
that the trained eye of a superintendent, whose special
duty it is to inspect and see that the places of work are
kept free from all unnecessary dangers, should have
detected and removed this one.—*So. Ry. Co. v. Guyton*,
122 Ala. 231; *Bir. R. & E. Co. v. James*, 121 Ala. 120;
*L. & N. R. R. Co. v. Bouldin*, 121 Ala. 197.

The evidence in this case showed that the superintend-
ent of the defendant was negligent, and, therefore, the
plaintiff was entitled to recover.—*L. & N. R. R. Co. v.
Boland*, 96 Ala. 632; *M. & O. R. R. Co. v. George*, 94 Ala.
200; *C. & W. R. R. Co. v. Bridges*, 86 Ala. 448; *K. C., M.
& B. R. R. Co. v. Crocker*, 95 Ala. 412; *Bir. R. & E. Co.
v. Stable Co.*, 119 Ala. 615; *A. G. S. R. R. Co. v. Davis*,
119 Ala. 572; *A. G. S. R. R. Co. v. Frazier*, 93 Ala. 45;
*A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167; *L. & N. R. R.
Co. v. Trammell*, 93 Ala. 350.

SHARPE, J.—Plaintiff was employed by defendant
to attend and operate machinery situated in two rooms
of its pumping house. One of the rooms containing the
engine, heater, etc. was below the other and was con-
nected by a stairway with the room above. A superin-
tendent of the plant in directing the making of repairs
in the lower room, caused a scaffold to be made which
was supported in part by a scantling or piece of timber
placed laterally with one end rested on a step of the
stairs high above the basement floor and so as to leave
room for one to pass at its end along the stairs.
In that position the timber had lain for about ten days,
and of this plaintiff had knowledge, he having passed
up and down the stairway many times each of those
days in attending to his duties. On the evening of the
happening which gave rise to the suit, he had gone over
the stairs and later started to visit the room below which

was deep and lighted only by a dimly burning lantern. After descending four or five steps his foot came in contact with the timber and from that cause he fell to the basement floor and was badly injured. These are the controlling facts as condensed from the plaintiff's own testimony, and he was the only witness examined on the trial except as to the extent of his injury and damages. Plaintiff was thus left to tell his own story and has done so with apparent honesty, but the case he makes does not warrant his recovery.

If it be assumed that defendant was negligent in having the timber on the stair, yet the doctrine of contributory negligence works the plaintiff's defeat. The law classes as negligent, not only conscious imprudence, but also forgetfulness of and inattention to dangers which are both known and understood.—*L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Wilson v. L. & N. R. R. Co.,* 85 Ala. 269; *L. & N. R. R. Co. v. Banks,* 104 Ala. 508

It cannot be doubted that the plaintiff knew the timber's position and understood whatever danger attended a misstep upon or against it So far as the evidence shows he had no reason to believe it had been removed before the accident. Such danger as it created was obvious requiring no special experience or admonition to cause it to be fully appreciated by a person of ordinary understanding, and by exercising the caution which his knowledge should have aroused, the plaintiff could have avoided the danger as he had theretofore done. His unexplained failure to shun the timber must be set down to that want of ordinary care which is the legal equivalent of negligence; and the law is that where negligence of both parties has cooperated proximately to produce an injury the courts will not attempt to decide whose was the greater fault.—*Frazer v. S. & N. Ala. R. Co.,* 81 Ala. 185; *A. G. S. R. R. Co. v. Richie,* 99 Ala. 346; *North Birmingham St. R. Co. v. Calderwood,* 89 Ala. 247.

Where the facts bearing on negligence are undisputed and are not susceptible of adverse inferences the question of negligence *vel non* whether relating to conduct of the plaintiff or defendant is properly one for the court.—*C. & W. R. Co. v. Bradford,* 86 Ala. 574; *Wil-*

[McDonnell & Co. *et al.* v. Finch.]

*son v. L. & N. R. R. Co.* and *L. & N. R. Co. v. Banks, supra.*

The refusal to charge the jury affirmatively in favor of defendant according to its request, was error for which the judgment must be reversed. This view of the case makes it appear unnecessary to pass more specifically on the several assignments of error.

Reversed and remanded.