# Louisville & Nashville Railroad Co. v. Thornton.

*Action against a Railroad Company by Employè to recover Damages for Personal Injuries.*

1. *Negligence of brakeman in control of a car; charges to the jury.* A brakeman in charge of a car which is being switched and is running down grade without being attached to an engine, is bound to keep a lookout for obstructions, and if such lookout for obstructions would reveal a person upon the track in a perilous condition, such brakeman is bound to use all the means within his power to escape the impending peril, and save, if possible, such person from threatened danger; and in an action which counts upon the negligence of a brakeman, so in charge of a car, in failing to keep a proper lookout, whereby a person upon the track was injured, charges which instruct the jury that it was not the duty of the brakeman on the car "to keep a lookout for human beings on the track in front of his car," are misleading and properly refused.

2. *Action against a railroad company for negligence of brakeman; contributory negligence.*—In an action against a railroad company by an employé to recover damages for injuries sustained while in the employ of the defendant, where the evidence shows that just prior to being run over by one of the cars of the defendant, the plaintiff, while attempting to couple cars in the discharge of his duties, was struck a violent blow by a coupling pin, which caused him to stagger and fall upon a track of the defendant, which was parallel to the one where he had coupled the cars, and that he became unconscious, and while in this condition was run over by a car which was being switched upon the track upon which he fell, charges instructing the jury as to the contributory negligence of the plaintiff, which ignore the peril and the state of mind the plaintiff was in, resulting from the blow received by him, and whether he went upon the track unconsciously or not, are erroneous and properly refused.

3. *Action against a railroad company for negligence of brakeman; variance between allegations and proof; admissibility of evidence.*—In an action against a railroad company, where the complaint counts upon the negligence of a brakeman in the management of a car that was being switched on a track in the defendant's yard, which brakeman is designated in the complaint as Joe "Bagley," and the witnesses in behalf of the plaintiff referred to the said brakeman as Joe "Bagby," and no question is raised, while the testimony of the witnesses is be-

ing given, as to any mistake in the name of said brakeman, a motion made by the defendant, after the introduction of the evidence of the plaintiff, to exclude the evidence offered by the plaintiff, because of the variance between the pleadings and proof, but said motion does not point out that the variance complained of consisted in the difference in the name of said brakeman as averred in the complaint and that testified to by the witnesses, it will be presumed that such variance is waived, and the motion to excludge the evidence is properly overruled. (McCLELLAN and HEAD, JJ., *dissenting*).

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was a suit brought by the appellee, Alexander W. Thornton, against the Louisville & Nashville Railroad Company, to recover damages for personal injuries received by the plaintiff while in the service of the defendant as a switchman in its yards at Birmingham ; both of the plaintiff's legs being cut off.

The complaint as originally filed contained twelve counts, but under the charge of the judge they were all eliminated except the 10th and 11th. The 10th count, after reciting that the plaintiff, while in the service and employment of the defendant, was knocked down, or was caused to fall, upon a track of defendant's railroad, and was run over by a car being operated on said track by defendant, and suffered injuries, etc., and that said car which ran over the plaintiff as aforesaid, was being run by defendant down grade without any engine being attached to it, then averred that plaintiff "was run over as aforesaid, and suffered said injuries and damages, by reason of the negligence of a person in the service or employment of the defendant who had charge or control of the car, viz., one Joe Bagley, who, while letting said car down grade as aforesaid, negligently failed to keep a proper and sufficient lookout." The 11th count is the same as the 10th, except that it avers that one Joe Bagley failed to stop said car, or to take other proper precautions to prevent the same running over plaintiff. There were demurrers interposed to the first five counts of the complaint originally filed, but in view of the court's rulings the errors in overruling them were not insisted on. The defendant pleaded the general issue and contributory negligence in various forms.

The following facts were shown by the evidence : The plaintiff was one of a crew whose duty it was to switch

cars from one track to another, and while engaged in that business was hurt. At the point at which plaintiff was injured, there were seven tracks parallel with each other, and which are described by various witnesses as being three to eight feet apart. All these tracks went into one track at about Twenty-fourth street in Birmingham. There was a switch between tracks 5 and 6 near Twenty-third street, and plaintiff was hurt about two car lengths south from this switch. Working in the crew with plaintiff was Gus Sadler, Joe Bagby and Yancey Wilson, switchmen. There were a number of cars which were to be put on the several tracks above described. Plaintiff knew that this work was to be done, and the manner in which it was to be done, which was as follows : The cars were started down south with the switch set so that they would run onto the proper track, and the engine then stopped, and this was repeated with each separate cut or set of cars ; the switch being changed as was necessary to properly place the cars. Just prior to the accident to plaintiff, Joe Bagby, who had ridden a cut of cars down on track No. 7, passed plaintiff as he was riding a cut of cars down to track No. 6. These cars were to be coupled to some standing on track No. 6, and plaintiff testified that when he attempted to make the coupling, the link broke and struck him in the side and hurt him. These cars were on track No. 6, but plaintiff stated that he had his lantern in his hand, and one foot outside of the rails of track No. 6, and one inside, and that after he was struck, seeing he was going to faint, he set the lantern between and just inside the rails of track No. 5, and that he then stumbled and fell, with his body outside of the rails, and between tracks No. 4 and 5, and that he then became unconscious, and when he regained consciousness he found that his legs had been mashed off. The accident happened at night.

When the plaintiff rode his cut of cars down on track No. 6, Joe Bagby was walking back to get his cut of cars, and these were the cars that ran over plaintiff. Plaintiff testified that the lick from the link did not knock him down, but made him faint ; that when he set his lamp on track No. 5, it was burning ; that the light did not go out before the accident happened ; that he looked at the track first and set his lamp down, as he

[Louisville & Nashville Railroad Co. v. Thornton.]

thought may be some one might ride a car down, and run over him. Plaintiff further testified that he did not see any cars coming on the track at the time he set his lamp down. Plaintiff further testified that he met Joe Bagby on track No. 6, as he went to go down off the car, and that Bagby had to walk from 5 to 8 car lengths in order to get his cars. There was also testimony for the plaintiff that the lamp with the globe broken was found near where he was hurt. There was a brake on the car which was at the south end, and the cars were going south. A witness for the plaintiff testified that as the car passed the switch, Joe Bagby was on top of the car, and was turning round on top of it about the middle of the car, and that his face was turned in the opposite direction to that in which the car was going. Another witness for the plaintiff testified that there. was an electric light on Twenty-fourth street which lighted up the track where plaintiff was hurt, sufficiently to enable persons riding on one of the cars, as it was being run down, to see a man lying on the track if they had looked. No witness for the plaintiff testified how fast the car was going, but testified that it was not going very fast when it passed the switch, and did not go very fast after it passed the switch. Witness for the plaintiff testified that a car not going very fast with a good brake could be stopped in four or five feet.

There was testimony on the part of the plaintiff that the electric light on Twenty-fourth street was sufficient to light up the place where plaintiff fell across track No. 5; while the testimony for the defendant was that the night was so dark that no one could have seen a person lying on that track, unless he had been specially look-ing for him, more than a distance of half a car length. The plaintiff and one other witness testified that the car could have been stopped in from 3 to 5 feet; but the tes-timony for the defendant was that it could not have been stopped in a car length or more—a car length being from 28 to 34 feet.

After the plaintiff had introduced his several wit-nesses and had testified as a witness himself, the de-fendant moved the court to exclude all the evidence introduced by the plaintiff, because it did not prove nor tend to prove the plaintiff's case under either count of the complaint. This motion was argued, and after the

argument thereon, the court overruled the motion and refused to exclude such evidence, and to this ruling the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the jury the following written charges : (1.) "If you believe from the evidence that Joe Bagby had charge or control of the car, which ran over and injured the plaintiff, and that Joe Bagby, while letting said car down grade, was guilty of negligence in failing to keep a proper and sufficient lookout upon the track in front of the car, and that such failure was the proximate cause of the injury complained of, you must find for the plaintiff, unless you further believe from the evidence that the plaintiff was guilty of negligence that proximately contributed to his injury." (2.) "If you believe from the evidence that Joe Bagby had charge or control of the car which ran over and injured the plaintiff, and that Joe Bagby negligently failed to stop said car or to take other proper precautions to prevent the same from running over the plaintiff, and that such failure was the proximate cause of the injury complained of, you must find for the plaintiff, unless you further believe from the evidence that the plaintiff was guilty of negligence that proximately contributed to his injury." The defendant separately excepted to the court's giving each of these charges, and also separately excepted to the court's refusal to give the several written charges requested by it. Among the charges which were refused, were the following : (1.) "I charge you, that if you believe the plaintiff was conscious when he got upon track No. 5, and knew that in so getting upon track No. 5, he was placing himself in a position of danger, and the getting upon track No. 5 was the proximate cause of the injury, you must find for the defendant." (8.) "I charge you that the brakeman on the car that ran over plaintiff was only required to keep such a lookout as a reasonably prudent man would have kept in performing the duties of a brakeman, and he was not required to keep a special lookout for persons lying on the track." (10.) "I charge you that it was not the duty of the brakeman on the car that ran over plaintiff to keep a lookout for human beings on the track in front of his car." (12.) "I charge you that nothing less than unconsciousness on the part

of the plaintiff when he got on track No. 5 would excuse the plaintiff of contributory negligence.'' (14.) ''If you believe from the evidence that plaintiff had one foot outside the rails of track No. 6 and one foot inside the rails of said track when he was struck by the piece of link, (if from the evidence you believe he was so struck), that the plaintiff then saw that he was going to faint, that he then set his lamp down on the track number five in between the rails, and that he then turned around and stumbled and fell with his body outside of track number five, and his feet were hanging on the inside of the rails, and that he then became unconscious, you must find that the plaintiff was guilty of contributory negligence, and you must find for the defendant.'' (15.) ''If you believe from the evidence that the plaintiff, while in the full possession of his faculties, went upon track number five, and while there fell on the track in an unconscious condition, and remained there unconscious until he was run over by the car, you must find for the defendant.''

There were verdict and judgment for the plaintiff, assessing his damages at $10,000. Thereafter the defendant made a motion for a new trial, assigning many grounds: among others, that the verdict was contrary to the evidence; that the damages assessed were excessive; the giving of the several charges requested by the plaintiff; the refusal to give the several charges requested by the defendant; and also the giving of certain specified portions of the court's general charge. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOMAS G. JONES, for appellant.—The court below submitted to the jury the questions as to whether or not it was the duty of Joe Bagby, a brakeman, on top of the car, to have maintained a lookout on the track for persons. This was error. It is abundantly supported by authority in this State, that defendant's brakeman on top of said car was under no duty to look for people, excepting those having a right to cross the track.—*A. G. S. R. R. Co. v. Linn*, 103 Ala. 134; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 137.

[Louisville & Nashville Railroad Co. v. Thornton.]

2. Negligence is a creature of circumstances, being the doing or the failure to do some act which a reasonably prudent man engaged in the same business under like circumstances would do or omit to do ; and we submit that under all the proof no reasonable, prudent man would have had any occasion to anticipate that plaintiff would fall upon track number five. The evidence establishes the fact that plaintiff was conscious when he fell on track number five. His own evidence establishes this fact. If the plaintiff, conscious of all his surroundings, went upon track number five even under the influence of pain, from which he may have been suffering, we submit that he was wrongfully there, and while not technically a trespasser, the same rules of law apply to him, and he was not entitled to a recovery unless there were some inferences to be drawn from the testimony that the injuries were the result of the willful, wanton or intentional wrong on the part of the defendant.— *Birmingham R. & E. Co. v. Bowers*, 110 Ala. 628 ; *R. R. Co. v. Lee*, 92 Ala. 262 ; *R. R. Co. v. Markee*, 103 Ala. 160.

BOWMAN & HARSH, *contra.*—The charges of the defendant which were the general affirmative charges, were properly refused.—*Cen R. R. & B. Co. v. Roquemore*, 96 Ala. 236 ; *Bromley v. Bir. Min. R. R. Co.*, 95 Ala. 397. Refused charges 8 and 10 in reference to the duty of the brakeman to keep a lookout, are misleading.—*Knowles v. Ogletree*, 96 Ala, 555 ; *K. C., M. & B. R. R. Co. v. Lackey*, 114 Ala. 152 ; *A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167. The court, in its oral charge and in the charges given at the request of the defendant, gave defendant the full benefit of the law in reference to the duty of the man in charge of the car to keep a lookout. Refused charges 8 and 10 were properly refused.—*Haley v. K. C. &c. R. R. Co.*, 113 Ala.640 ; *S. & N. R. R. Co. v. Donovan*, 84 Ala. 141 ; *Same v. Sullivan*, 59 Ala. 272 ; *Same v. Shearer*, 58 Ala. 673 ; *Ill. Cen. R. R. Co. v. Mahan*, 34 S. W. Rep. 16.

The variance first called to the attention of the court on the motion for a new trial, viz., putting the name of the man in charge of the car as Joe Bagley instead of Joe Bagby, was immaterial.—*German Ins. Co. v. Gibbs*, 35 S. W. Rep. 679 ; *Wilson v. Smith*, 111 Ala. 170. The

[Louisville & Nashville Railroad Co. v. Thornton.]

variance, if it might be so called, not being called to the attention of the court till after the case had gone to the jury, in fact not till the motion for a new trial, is waived. *Chatsworth v. Rowe*, 2 Amer. Neg. Rep. 112 ; *R. R. Co. v. Lindsay*, 4 Wall. 650 ; *R. R. Co. v. Tillbran*, 97 Ill. 480 ; *Railway Co. v. Word*, 135 Ill. 516 ; *Bell v. Knowles*, 45 Cal. 193 ; 28 Amer. & Eng. Encyc. of Law, 53, 61.

HARALSON, J.—1. The case was tried on counts Nos. 10 and 11 of the complaint. They present practically the same question as raised on the trial and here discussed—whether the switchman in charge of the car that injured plaintiff was guilty of any negligence in not keeping a proper and sufficient lookout, and in not stopping the car in time to avert the injury. The defendant taking issue on these counts, pleaded specially to them the contributory negligence of the plaintiff.

2. Charges numbered 8 and 10 asked by defendant were properly refused. This brakeman was, for the time, so to speak, the engineer of the descending car. He and no other person had control over it, and that was his duty. It has been held that engineers, or persons in control of an engine or car, "should always be on the lookout for obstructions (whether of persons or things), and when discovered, no matter when or where, should use all the means within their power to escape the impending danger, or to avert the threatened injury ; and less care than this is not due diligence."—*S. & N. Ala. R. R. Co. v. Williams*, 65 Ala. 78. The rule of the company required "each employé * * * to lookout after, and be responsible for, his own safety, as well as to exercise the utmost caution to avoid injury to his fellow servants, especially in the switching of cars, and in all movements of trains." The injury to plaintiff occurred in the night time, in the switching yard of defendant in the city of Birmingham, which was interlaced with switch tracks. If true, as the charges postulate, that the brakeman was under no duty to keep a *special* lookout for persons on the track, yet, if a proper lookout for obstructions of any kind, which he was bound to keep, would have revealed a person on it, in a perilous condition, the duty would have arisen to save him if practicable. The charges were calculated to confuse and mislead the jury. The question of negligence

or not, as averred in the complaint, was, under the all surrounding circumstances, one proper for the determination of the jury, under proper instructions.

In this connection it may be said that there was no error in the two written charges given by the court at the instance of the plaintiff. They hypothesized the averments of counts 10 and 11, on which the case was tried, and on which defendant took issue. If the facts averred in these counts were proved to the satisfaction of the jury, the plaintiff was entitled to a verdict.

3. Charges 12, 14 and 15 raise the question of contributory negligence of the plaintiff. In *Cook v. C. R. R. & B. Co.*, 67 Ala. 533, this court quoted with approval what is said in Wharton on Negligence, section 304, viz.: "As a rule, therefore, we may say that a person is not chargeable with contributory negligence, who, when unwarned peril comes on him, suddenly acts wildly and madly. For persons in great peril are not required to exercise all the presence of mind and care of a prudent, careful man; the law makes allowances for them, and leaves the circumstances of their conduct to the jury." Such a person, as was said in the case cited, "will be presumed, in the absence of any evidence throwing light upon the matter, to have observed that care and precaution which the law requires, as instinct would prompt him to use diligence in saving his life." The presumption is always indulged, when one's conduct or motive is to be inquired about, that if sane and conscious, he had the highest motive to take the necessary precaution to save his life, or insure his safety, and that he so acted.—*Penn. R. R. Co. v. Weber*, 76 Penn. St. 157; s. c. 18 Am. Dec. 407. The evidence tends strongly to show that the plaintiff was in a conscious condition of peril, had just received a blow from a broken link of the car he attempted to couple, was about to faint from the effects of the injury he received, and was becoming unconscious. It further tends to show that he stumbled and fell upon the track where he was run over, while in an unconscious condition. He testified he did not know when he fell, because he was staggering at the time, and when he became conscious, he looked around and saw that his legs had been mashed off; that he did not know when the car ran over him,

and did not feel it when it struck him, because he was unconscious. These charges ignore the peril and the state of mind therefrom, in which the plaintiff found himself at the time he was struck by the piece of link, and whether he went upon the track unconsciously or not, and were, on that account, if for no other good reason, properly refused.

The court in its charge to the jury placed the law on this subject properly before them, when he said, "If he, the plaintiff, was hit in the side by a piece of iron, and the force of the blow caused him to step back upon track 5, or if he through a natural impulse, caused by the blow in front, threw himself backwards upon the track in a moment of mental perturbation or excitement, why then his stepping upon the track could not be said to be a voluntary act on his part, but would be an incident to his attention to his business; and if he then fell faint upon the track, not having the time or ability to get off of it, such conduct on his part would not be contributory negligence." Again, the court charged, that "if he voluntarily stepped upon that track for any reason whatsoever, except that he was caused to be there by the blow that he received, then his stepping upon that track would be contributory negligence which would prevent his recovery." And still again : "If he was struck a blow by the link, but through inadvertence, through forgetfulness, or through anything of that sort, he stepped back upon track number five, and then was hurt, and there fainted upon the track, and then was run over, then he was guilty of contributory negligence in being on that track, and would not be entitled to recover. A man may be unconscious upon a track and be guilty of contributory negligence in being there. It is not lying on the track in an unconscious condition that determines whether a person is guilty of contributory negligence in being there, but the circumstances attendant upon going upon the track, before he became unconscious, determine whether or not he is guilty of contributory negligence." These charges contain no error, certainly of which defendant can complain.—*Helton v. Ala. Mid. R. R. Co.*, 97 Ala. 275, 284.

4. Charges 3, 4, 5 and 9, which were affirmative instructions for defendant, were, for the most obvious reasons, appearing from what has already been said, properly refused.

[Louisville & Nashville Railroad Co. v. Thornton.]

5. There were numerous exceptions reserved to the admission of evidence. We can not review them without extending this opinion to an unnecessary length. After careful consideration, we discover no reversible error in any of these exceptions.

6. Motion was made for a new trial. All the questions involved and all the facts which surrounded the parties at the time of the injury—the time and character of the night; the light afforded by the electric lights; the conduct of the brakeman, Bagley, who handled the descending car; the conduct of the plaintiff; the distance at which an obstacle, such as the plaintiff was, lying on the track could have been seen by the exercise of proper caution; the distance within which the car might have been stopped, after the plaintiff might have been seen, etc.,—appear to have been fairly and intelligently presented to the jury, and they found a verdict, with which we are disinclined to interfere.

7. There is nothing in the motion to exclude the evidence offered by the plaintiff, because of a variance between the pleadings and proof. The complaint charged the negligence under a *videlicet* to one Joe *Bagley*. The witnesses referred to him as Joe *Bagby*. There was but one brakeman on the car that did the damage. No question was raised as to any mistake in his name, while the evidence was being brought out. The court in its charge to the jury referred to the brakeman as Bagley. The only purpose in naming the negligent employé is to give a reasonable opportunity to defend by identifying the negligent agent, and, as we have held, this was a material averment. The court asked the defendant's counsel, when he made the motion, "Do you hold that the evidence was not admissible under the complaint?" Counsel answered, "Yes, sir." "Defendant's counsel, in support of his motion, made an argument, but did not in such argument, or otherwise, at any time during the trial, say anything tending to call the attention of the court to any variance, beyond what is hereinabove set out in his statement of his motion and his answer to the question propounded by the court."

If the defendant, on the motion submitted to exclude the plaintiff's evidence, relied upon a variance between the declaration and the proof, it was its duty to point out in what the variance consisted, so as to enable the

court to pass intelligently on the question, and to enable the plaintiff to amend his pleading to conform to the evidence, and thus avoid defeat upon a point in which there was in this case no real merit; and having failed so to do, he must be deemed to have waived it.—*Libby v. Scherman*, 146 Ill. 540, 549; *L. S. & M. R. Co. v. Ward*, 135 Ill. 511; *St. Clair Co. Ben. Soc. v. Fietsam*, 97 Ill. 474, 480; *Supervisors v. Deeker*, 30 Wis. 629; *Bell v. Knowles*, 45 Cal. 193; *Merritt v. Seaman*, 6 Barb. 330; *Underhill v. Pomeroy*, 2 Hill (N. Y.), 603; 28 Am. & Eng. Encyc. of Law, 53, 61.

We have examined such of the questions requiring attention, as have been insisted on in argument. Other errors assigned, from what has been said, need no special notice.

Affirmed.

Justices McClellan and Head dissent on the question of variance, as expressed in the last point,—numbered 7,—considered in the opinion.