(82 South. 20)

JONES v. RIPLEY STAVE CO. (6 Div. 675.)

(Supreme Court of Alabama. May 15, 1919.)

1. MASTER AND SERVANT ☞154(1)—INJURY TO SERVANT—PROXIMATE CAUSE.

Where a servant injured by falling on an unguarded saw knew of the condition and dangers, his injury was not the proximate consequence of failure to instruct him concerning the danger.

2. MASTER AND SERVANT ☞286(22, 40), 287(1) —INJURY TO SERVANT—NEGLIGENCE OF MASTER—EVIDENCE.

In action for injuries from falling upon a saw, evidence *held* insufficient to require submission to jury of defendant's alleged negligence in failing to warn servant, and to employ a sufficient number of servants, and to properly guard the saw.

Appeal from Circuit Court, Lamar County; A. H. Alston, Judge.

Action by Rafe Jones against the Ripley Stave Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Nesmith & Hunt, of Birmingham, for appellant.

J. C. Milner, of Vernon, for appellee.

THOMAS, J. On the trial the general affirmative charge was given at defendant's request in writing.

The plaintiff had declared in several counts, alleging that his injury and damage were incurred by reason and as a proximate consequence of the negligence of a superintendent, with knowledge of plaintiff's inexperience and danger of the work, in causing plaintiff to engage in such hazardous work, "and negligently failed to warn and instruct him or see that he was warned and instructed concerning the danger thereof," etc.; that the defendant negligently failed to employ a sufficient number of men to perform said work of removing "the blocks or pieces of wood which fell from the timber as it was sawed, which blocks obstructed plaintiff's place of work and caused him to fall upon said saw"; and that the defendant failed to furnish the plaintiff reasonably safe machinery with which to perform such work, "in that said saw was not properly guarded as it should have been."

It was agreed by counsel "that plaintiff and defendant plead in short by consent any legal cause of action, any legal defense, and any legal replication."

[1, 2] Plaintiff as a witness in his own behalf testified that—

"Mr. Bell [the superintendent] was around the mill while I [witness] was working, but he wasn't there regularly, * * * every day." That the superintendent saw witness "hauling bolts there." That "Mr. Bell instructed me [witness] to do the work," and "to go to work on the saw. He said, 'Rafe, Mr. Goff has got to go off after awhile, and I want you to take his place at the equalizer and Mr. Sam Hindman take your place rolling bolts.' * * * He did not instruct me or warn me anything about the danger of that work."

This evidence was prima facie sufficient to show superintendence in Mr. Bell, and that while in the exercise of that superintendence he changed the work of the plaintiff from "hauling bolts" to "work on the saw," and that plaintiff was not warned "about the danger of that work" by such superintendent. It is not disputed that he received the injury complained of while engaged in said work, nor that plaintiff "had been working around the mill about a month or so off and on; * * * might have worked there part of two months; * * * had never worked on a saw like that before," yet "knew it was dangerous"; and had been warned of the danger by his colaborer, S. Cribbs, on the morning of the injury, and that his injury was caused by his falling back on the saw. Thus plaintiff knew the condition and danger, and his injury was not the proximate consequence of the superintendent's failure to instruct him of the condition and its danger.

Plaintiff's witness S. Cribbs testified that there were "five or six blocks there at the time Rafe was hurt"; that he was keeping the blocks away at that time as well as he ever did; that "the block that caused Rafe to fall had just been sawed off" by the plaintiff. No failure of the colaborer whose duty it was to remove bolts is shown to have caused the injury, but plaintiff's own misadventure in stumbling on the block he had just sawed off. So also no lack in the number of laborers required properly to remove the sawdust or blocks is shown; hence no operation for the rule declared in A. G. S. R. R. Co. v. Vail, 142 Ala. 134, 140, 38 South. 124, 110 Am. St. Rep. 23; 2 Labatt on Master & Servant, § 573, p. 1679; Dais v. New York & P. R. S. S. Co., 204 N. Y. 341, 97 N. E. 711, 40 L. R. A. (N. S.) 920. Moreover, plaintiff's witness Ed Cribbs testified that plaintiff did "not stumble against anything" when he received his injury, but that his fall was due to his own infirmity in handling the timbers in question, and that the witness, after observing this, offered to relieve him before his injury and plaintiff refused the proffered service.

The evidence failed to show negligence in the construction or maintenance of the saw so as to unreasonably and unnecessarily expose the operator to extra danger, or such circumstances as would require of the superintendent special instruction or caution to plaintiff, already familiar with the con-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

struction of the equalizer and saw, its operation, and the ordinary dangers incident to its operation.

Under the evidence, no jury question was made; no field for the operation of the rule finding expression in Worthington & Co. v. Goforth, 124 Ala. 656, 660, 26 South. 531; Ala. S. & W. Co. v. Wrenn, 136 Ala. 475, 493, 34 South. 970.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.