Margaret **STEICHEN**, Appellant,

v.

Debbie Miller **SHEPHERD**, Appellee.

No. 56243.

Supreme Court of Iowa.

March 27, 1974.

Fuerste & Carew, Dubuque, for appellant.

O'Connor, Thomas, Wright, Hammer, Bertsch & Norby, Dubuque, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Plaintiff Margaret Steichen instituted this action for damages claiming she had been struck by the automobile of defendant while she was pushing a shopping cart in a supermarket parking lot. The defendant denied the allegations of plaintiff's petition generally and pleaded as an affirmative defense the claimed contributory negligence of plaintiff in failing to use an alternate, safe route in proceeding from the exit of the supermarket to her parked automobile. Trial court submitted to the jury instructions relative to the contributory negligence of plaintiff including instructions having to do with the pleaded specification that plaintiff had failed to use an alternate, safe route. Plaintiff excepted to the instructions and her exceptions were overruled. The case was submitted to the jury, resulting in verdict and judgment for defendant. Plaintiff moved for a new trial, urging error in the instructions having to do with the employment of the alternate, safe route. Motion for new trial was overruled, and this appeal followed. We reverse the trial court.

On November 4, 1970 plaintiff drove her automobile to the Eagle Super Market which is located at a corner of the intersection of 18th and Elm Streets in the City of Dubuque. She parked her automobile in a diagonal parking space on the north side of the supermarket building about three or four spaces from the northeast corner of the store. A three-foot wide raised sidewalk borders the entire north dimension of the building. A roofed area is provided at the northwest corner of the building to enable shoppers to load their purchases into automobiles, and at times store employees are available to assist shoppers in taking their purchases to their automobiles.

On the day in question plaintiff exited the building and started along the raised sidewalk in an easterly direction, pushing a shopping cart laden with groceries. As she proceeded along the sidewalk she came to an automobile parked diagonally with the front bumper protruding across the raised sidewalk at about the second or third parking space east of the covered or roofed area above referred to. Finding she could not continue on the walkway, she pushed her cart off the walk down into the parking area intending to go around the vehicle which was inhibiting her progress on the sidewalk. She testified that just as she got into the marked parking stall at a place in the parking lot where at least two parking stalls were vacant, side by side, the automobile of defendant turned into one of the spaces and struck her and the grocery cart, injuring her. The defendant denied her vehicle at any time came in contact with the plaintiff personally and further denied she had operated her automobile improperly. Defendant asserted she had maintained a proper lookout; that her vision was not obscured by bright sunlight as specified by plaintiff; that she had her motor vehicle under proper control, contrary to the negligence specified by plaintiff; and that she was operating her motor vehicle at a proper speed, not greater than was reasonable and proper under the conditions then and there existing, all in answer to specifications of negligent conduct alleged in plaintiff's petition.

In instruction #9 trial court informed the jury in connection with a general instruction relating to the defense of contributory negligence that the defendant had pleaded plaintiff was negligent "(i)n failing to use an alternate, safe route from the Eagle Food Store building to her car, which was available and known to plaintiff, when she knew or in the exercise of ordinary care should have known the dangers incident to pushing a shopping cart across a parking lot of the Eagle Food Store."

The court, in its instruction #11, informed the jury:

"The defendant has charged that the plaintiff was contributorily negligent in that she failed to use an alternate, safe route from the Eagle Food Store building to her car, which was available and known to the plaintiff, when she knew

or in the exercise of ordinary care should have known the danger incident to pushing her shopping cart across the parking lot of the Eagle Food Store.

"In this connection you are instructed that the obligation of the plaintiff was to act with ordinary care and to do those things which a reasonable and prudent person under the same or similar circumstances would do or not to do those things that a reasonable and prudent person under the same or similar circumstances would not do.

"A failure to comply with this provision of the law would constitute negligence."

Plaintiff advances one error only upon which she relies for reversal, namely, that trial court erred in submitting over her exceptions the issue of "alternate, safe route" as a pleaded specification of contributory negligence claimed against the plaintiff and contends there was not sufficient record evidence concerning such matter to justify the submission of the criticized instructions, and that trial court therefore erred in overruling plaintiff's motion for new trial based upon the ground of erroneous submission of the claimed unsubstantiated issue.

I. Defendant infers the exceptions to the instructions above set out were inadequate to preserve the error presented here for review.

At the time provided for taking exceptions to proposed instructions plaintiff's counsel dictated into the record the following:

"Mr. Fuerste: Comes now the Plaintiff, and being furnished with the instructions in their final form, excepts and objects to instruction No. 11 thereof, and in such regard also to that portion of instruction No. 9, subparagraph 2, which deals with the so-called 'alternate safe route', for the reason that the record in this case is devoid of any evidence from which a jury could find the existence of one route anywhere being safer than another, nor that a route should have been followed by any person, including the Plaintiff, in preference to another route as a matter of safety; that to submit the issue of the specification of contributory negligence of a fictitious alternate, safe route, under this record, is to invite the jury to speculate and conjecture on a matter which has no legal significance and/or basis in fact or law, and the submission of such issue is erroneously prejudicial to the rights of the Plaintiff in such regard. That completes the exceptions of the Plaintiff."

Defendant contends plaintiff in her motion for new trial urged other and additional grounds based upon the giving of the instructions above set out, and that she is precluded from so doing by the application of rule 196, Rules of Civil Procedure.

A fair reading of the exceptions to the instructions and of the motion for new trial leads us to conclude that the exceptions taken by plaintiff to the instructions were adequate to preserve the error urged here for reversal.

II. The parties to this appeal do not seem to be in disagreement concerning the general proposition that instructions must submit only those pleaded issues which have support in the record, as both plaintiff and defendant cite Bradt v. Grell Const., Inc., 161 N.W.2d 336 (Iowa 1968). In *Bradt,* at p. 340 of 161 N.W.2d, we said:

"It is the duty of the trial court to submit to the jury all issues presented by the pleadings upon which there is evidence tending to support them. Of course, it is reversible error to submit an issue having no support in the record. (citations)."

See also Collegiate Mfg. Co. v. McDowell's Agency, Inc., 200 N.W.2d 854 (Iowa 1972), and citations therein at p. 858.

■ We have also said the sufficiency of the evidence to warrant submission of a pleaded issue to the jury is decided by giving the evidence the most favorable construction it will reasonably bear in favor of the party urging submission. Collegiate Mfg. Co. v. McDowell's Agency, Inc., *supra,* 858 of 200 N.W.2d; and Wroblewski v. Linn-Jones FS Services, Inc., 195 N.W. 2d 709, 711 (Iowa 1972).

III. Guided by the foregoing principles, we look to the record evidence to determine whether or not the submission of the instructions complained of was reversible error.

Defendant suggests there were several alternatives open to plaintiff when she was leaving the supermarket to place her purchases in her automobile: (1) plaintiff could have left her groceries at the loading zone, walked to her car and driven it to the loading zone where her groceries could have been loaded into her car either by herself or with the assistance of store employees; defendant asserts it was established in the record plaintiff had shopped at the same store for several years and was totally familiar with the location and purpose of the customer loading zone; (2) if plaintiff had not been burdened with the shopping cart, she could have followed the sidewalk to her car and would not have found it necessary to step from the sidewalk into the parking area where the accident occurred.

In any event, plaintiff saw fit to pursue another course; she elected to push her shopping cart along the sidewalk until her progress was impeded by the car which had encroached over and blocked the sidewalk; she then turned from the sidewalk into a vacant parking space intending to walk around the rear of the car obstructing her way and to push the cart to her own car and to load her groceries therein.

The record does not in any way indicate that when she left the sidewalk and proceeded into the vacant parking space she was apprehensive of any danger to herself from the vehicle of the defendant, or that as a prudent person she should have apprehended danger.

In 65A C.J.S. Negligence § 122, pp. 76–77, we find:

"One is not guilty of negligence in pursuing a course of conduct that an ordinarily prudent person would choose under the same or similar circumstances, although there was open to him a safer course, or even a course which was absolutely safe."

And at 57 Am.Jur.2d, Negligence, § 344, p. 747, we find:

"One is not always chargeable with negligence even though he does not adopt the safest and best course to avoid injury, since the inquiry is not whether the plaintiff actually chose the least safe of the available courses, but whether he failed to exercise that degree of care required of a reasonably prudent person under the circumstances."

A general discussion of the subject of injury to pedestrians is found in the annotation in 62 A.L.R.2d 288 at p. 291, et seq., and further at 29 A.L.R.2d 107, 136–141, et seq.

The pronouncement of the Alabama court in Birmingham Electric Co. v. Jones, 234 Ala. 590, 176 So. 203 at 208, seems to be decisive of the "alternate, safe route" question:

"This, on the well-recognized principle that if a safe and a dangerous way are equally open, it is the duty of the party to select the safe rather than the dangerous one.

"This principle has no application, if both places are safe, unless and until rendered unsafe by a breach of duty on the part of him who relies on such principle.

\* \* \* \* \* \*

"Not until it becomes apparent that he is being put in a place of peril by the

wrongful act of the other does the duty arise to adopt means of escape. Until then, he may rely on the performance of duty by the other."

And see Railway Express Co. v. Real, 253 Ala. 489, 45 So.2d 306.

In our review of the record we find nothing to indicate the route taken by plaintiff should have been considered dangerous by a reasonably prudent person. There was no inherent danger in plaintiff pushing her shopping cart from the sidewalk to an unoccupied parking stall at the time and under the circumstances she elected to pursue such course as the evidence here indicates. True, if the plaintiff had chosen to leave her shopping cart at the loading zone, to proceed along the sidewalk to her car, and to return with her car to the loading zone to pick up her purchases, the accident might not have occurred. It was not proper, however, for the trial court to submit an instruction based on hindsight as to whether a chosen route was in fact more or less safe than another. The evidence here indicates both routes to be safe, absent any breach of duty on the part of defendant.

We conclude therefore that trial court was in error in submitting to the jury the instructions complained of. Viewing the record evidence as favorably as possible to the defendant who sought submission of the erroneous instructions, we find the record devoid of any showing that one of the routes available to plaintiff was dangerous while another was less dangerous, or safe. The "alternate, safe route" principle had no application under the facts of this case.

We therefore reverse and remand this case for further proceedings.

Reversed and remanded.