This appeal presents an issue of first impression: Can an employee of a grocery store maintain a negligence action against a shoplifter for injuries allegedly sustained in a struggle to apprehend the fleeing shoplifter?
The trial court held that the shoplifter (defendant) did not owe a duty to the storekeeper (plaintiff) and entered a summary judgment for the defendant. We hold that the plaintiff has shown sufficient evidence to establish that the defendant had a duty not to flee, and that there is a triable issue of fact as to whether the defendant negligently caused the plaintiff's alleged injuries; therefore, we reverse and remand.
Keith Smitherman was working as an assistant manager at a grocery store when he saw Brandon McCafferty putting several items of merchandise inside his coat. Smitherman confronted and apprehended McCafferty. Initially, McCafferty did not resist being apprehended, but while Smitherman was escorting him to the store office, the front doors of the store automatically opened and McCafferty ran outside. *Page 324 
Smitherman chased and caught McCafferty but injured his knee during the ensuing struggle. McCafferty later admitted to the police that he was, in fact, trying to steal the merchandise; therefore, there was evidence showing probable cause for Smitherman to detain McCafferty. See Ala. Code 1975, § 15-10-14.
Smitherman and his wife, Pamela, sued McCafferty. Keith Smitherman alleged that he was injured because McCafferty negligently resisted being detained and acted wantonly and recklessly, and Pamela Smitherman sued for damages for loss of consortium.[1] Smitherman later amended his complaint to allege assault and battery.
Based on the facts alleged, the trial court determined that, as a matter of law, McCafferty did not owe a duty to Smitherman and entered a summary judgment for McCafferty on all claims except the assault and battery claim. The jury returned a verdict for McCafferty on that claim. Smitherman appeals only from the summary judgment on the negligence and wantonness claims.
A summary judgment is proper upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. The material facts relevant to the question of duty are undisputed; therefore, the summary judgment was proper if McCafferty was entitled to a judgment as a matter of law. If McCafferty did not owe a duty to Smitherman, he was entitled to a judgment as a matter of law, because the existence of a duty of care is fundamental to the maintenance of a negligence action. Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala. 1987). Thus, we turn to the legal question of whether McCafferty owed a duty of care to Smitherman.
In general, "every person owes every other person a duty imposed by law to be careful not to hurt him." SoutheasternGreyhound Lines v. Callahan, 244 Ala. 449, 453, 13 So.2d 660,663 (1943). In determining whether a duty exists in a given situation, however, courts should consider a number of factors, including public policy, social considerations, and foreseeability. 57A Am.Jur.2d Negligence § 87, at 143 (1989). The key factor is whether the injury was foreseeable by the defendant. See Keebler v. Winfield Carraway Hospital,531 So.2d 841 (Ala. 1988), and cases cited therein. The essential question is "whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 53, at 357 (5th ed. 1984).
Regarding public policy and social considerations, we find it significant that Smitherman was injured during the course of a criminal act, and that as a private citizen Smitherman was authorized, but was not compelled, to arrest McCafferty, and, as a merchant, was authorized to detain him. Ala. Code 1975, §§ 15-10-7 and -14; Rule 4.1(b), Ala.R.Crim.P. Smitherman argues that McCafferty had a corresponding duty to submit peaceably. There is some authority for this argument when the arrest and detention are lawful. E.g., People v. Fosselman,33 Cal.3d 572, 189 Cal.Rptr. 855, 659 P.2d 1144 (1983); State v.Nall, 304 S.C. 332, 404 S.E.2d 202 (App. 1991); 1 Clarence Alexander, The Law of Arrest § 94, at 480 (1949); M. Cherif Bassiouni, Citizen's Arrest 56 (1977). McCafferty does not dispute that Smitherman acted lawfully.
In arguing that he did not owe a duty to submit, McCafferty points out that the statutes making it a crime to resist lawful arrest and prohibiting the use of physical force in resisting a lawful arrest refer to arrests by peace officers, not to arrests by private citizens or merchants. Ala. Code 1975, §§13A-10-41 and 13A-3-28. We are not persuaded that the enactment of these criminal laws is, by negative inference, an exclusion of any duty when *Page 325 
the arrestor is not a peace officer. The Criminal Code may not encourage citizen's arrests, Commentary to Ala. Code 1975, §13A-3-27, but the fact that a person who resists a lawful citizen's arrest has not committed a crime does not mean that he has not violated a duty imposed upon him by law to submit peaceably to a lawful detention.
Long ago, this Court held that "every criminal act which injures the person or property of another is also a civil tort, redressable by the courts." Hardie-Tynes Manufacturing Co. v.Cruse, 189 Ala. 66, 78, 66 So. 657, 661 (1914). More recently, this Court restated the rule as follows:
 "Even though an act may constitute a crime, if it also results in injury to the person or property of another, the act may still be the basis of a civil action for damages. However, civil liability will ensue only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted."
Martinson v. Cagle, 454 So.2d 1383, 1385 (Ala. 1984).
In its order, the trial court cited Martinson, wherein this Court held that allegations that certain criminal acts were committed and that the plaintiffs were thereby injured did not state a cause of action for which relief could be granted.454 So.2d at 1385. This case is different, because Smitherman has more particularly alleged that McCafferty's crime caused the injuries and that in committing the crime McCafferty breached a duty owed to Smitherman.
We recognize that "[a] citizen's arrest or attempted arrest can create a dangerous situation, and [that] one who attempts it does so at his peril," 6A C.J.S. Arrest § 12, at 20 (1975), but the "peril" to which this statement refers is subsequent liability, not injury. See, e.g., Bowling v. Popp,536 N.E.2d 511 (Ind.App. 1989); Great Atlantic Pacific Tea Co. v. Paul,256 Md. 643, 261 A.2d 731 (1970); State v. Tripp,9 N.C. App. 518, 176 S.E.2d 892 (1970); Martin v. Castner-Knott Dry GoodsCo., 27 Tenn. App. 421, 181 S.W.2d 638 (1944); Bassiouni,supra, at 13 and 23. Moreover, the public policy of this State, as expressed in §§ 15-10-7 and -14 and Rule 4.1(b), is to authorize, in certain circumstances, private citizens to arrest or detain suspected criminals, and the legislature has expressly recognized that some citizen's arrests involve pursuit and has provided that in such a case the arrestor need not inform the arrestee of the cause of the arrest. See §15-10-7(c) and Rule 4.1(b)(2).
Courts in several other jurisdictions have held that a storekeeper may be liable to a customer injured during the pursuit of a shoplifter if the injury was foreseeable. Annotation, Liability of Storekeeper for Injury to CustomerArising out of Pursuit of Shoplifter, 14 A.L.R.4th 950 (1982 
Supp. 1992). This case, of course, involves alleged injuries to the storekeeper, not a customer, but we believe that the foreseeability analysis is the same in both instances. Smitherman apprehended McCafferty while he was trying to conceal merchandise that, he admitted, he intended to steal. McCafferty initially submitted to the detention, indicating that he understood that he was being lawfully arrested or detained. McCafferty created a risk of harm when he tried to escape by running out the front door and into the parking lot, because it was reasonably foreseeable both that Smitherman would pursue him and that, if Smitherman caught him, there would be a struggle that could result in injury. Having created the peril, McCafferty was charged with knowing the natural and probable consequences of his act. See, e.g., Railway ExpressCo. v. Real, 253 Ala. 489, 45 So.2d 306 (1950) (quoting 45 C.J.Negligence § 27, at 655 (1928)); 57A Am.Jur.2d Negligence § 134, at 193 (1989).
McCafferty's conduct created a foreseeable risk of harm and did not serve any useful social purpose, whereas Smitherman's conduct was permitted by statute and court rule and served a useful social purpose. Smitherman's interests are entitled to legal protection from McCafferty's conduct; therefore, we hold that McCafferty *Page 326 
owed a duty to submit peaceably to the lawful arrest or detention. To hold otherwise would punish a responsible citizen and reward a wrongdoer.
Having decided that, as a matter of law, McCafferty owed a duty of care to Smitherman, we reverse the summary judgment and remand the cause for a determination of the factual elements of breach of duty, causation, and damages.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.
ADAMS, J., dissenting.
[1] Because Pamela Smitherman's claims are derivative of her husband's claims, we refer to the plaintiffs simply as "Smitherman."